Opinion issued
November 18, 2010

 

 

 

 

 

 



 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00091-CR

NO. 01-10-00092-CR

____________

 








DOROTHY YVONNE SPENCER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause Nos. 1196123 and 1196125

 

 



MEMORANDUM OPINION








          In
two separate indictments, appellant, Dorothy Yvonne Spencer, pleaded guilty,
without an agreed recommendation with the State as to punishment, to the offenses
of theft and engaging in organized criminal activity.  See Tex. Penal Code Ann. §§ 31.03(a), 71.02(a)(1) (Vernon Supp.
2010).  Appellant signed plea papers
confessing her guilt and signed written admonishments containing, inter alia,
the punishment range.  The trial court
ordered a pre-sentence investigation (PSI) report.  After a PSI hearing, the trial court assessed
punishment in appellate number 01-10-00091-CR at 10 years’ community supervision
and ordered appellant to pay a $1,000 fine and $79,920 in restitution. In
appellate number 01-10-00092-CR, the trial court assessed punishment at 10
years’ community supervision and ordered her to pay a $1,000 fine, with the
sentence to run concurrently with that in 01-10-00092-CR.  Appellant’s punishment was assessed within the
range of punishment for which she was admonished.  We affirm.

Appellant’s counsel on appeal has
filed a brief stating that the record presents no reversible error, that the
appeal is without merit and is frivolous, and that the appeal must be dismissed
or affirmed.  See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  The brief meets the requirements of Anders by presenting a professional
evaluation of the record and detailing why there are no arguable grounds for
reversal.  Id. at 744, 87 S. Ct. at 1400; see
also High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978).

Counsel represents that he has served
a copy of the brief on appellant.  Counsel
also advised appellant of her right to examine the appellate record and to file
a pro se brief.  See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).  More than 30 days have passed, and appellant
has not filed a pro se brief.  Having reviewed
the record and counsel’s brief, we agree that the appeal is frivolous and
without merit and that there is no reversible error.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial
court and grant counsel’s motion to withdraw.[1]
Attorney Sam Adamo must immediately send the notice required by Texas Rule of
Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of
this Court.  See Tex. R. App. P.
6.5(c).

PER CURIAM

 

Panel consists of Justices Keyes, Higley, and Bland.

 

Do not publish. 
Tex. R. App. P. 47.2(b).











[1]
              Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that she may, on her own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Bledsoe v. State,
178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).